UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHRISTENSEN LAW OFFICES, LLC, | Case No. 2:21-CV-424 JCM (BNW) |
| Plaintiff(s), | ORDER |
| v. | |
| ERIC CHRISTENSEN, et al., | |
| Defendant(s). | |

Presently before the court is plaintiff Christensen Law Offices, LLC's ("Christensen Law") motion to remand. (ECF No. 8, 17). Third-party defendant Government Employees Insurance Company ("GEICO") responded, (ECF No. 29), to which Christensen Law replied, (ECF No. 38). Christensen Law also moves for attorney fees and costs. (ECF No. 33).

The instant action arises from an insurance dispute. (ECF No. 1). GEICO removed this matter from Nevada state court by invoking diversity jurisdiction. (*Id.*). The parties now dispute whether complete diversity exists here. (ECF No. 17); 28 U.S.C. §1332.

This court finds that it does not. (ECF No. 8). "In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005). Plaintiff Christensen Law, defendants Elmina Christensen and Eric Christensen, and third-party defendants Winner & Sherrod, LTD. f/k/a Atkin Winner & Sherrod, LTD., and Bruce W. Kelley are all citizens of Nevada for diversity purposes. (ECF No. 1). GEICO is the only party that is not a citizen of Nevada. The parties do not dispute this.

GEICO's arguments regarding fraudulent joinder and "real parties in interest" are unavailing. (ECF No. 29). A non-diverse defendant is a "sham" if the plaintiff could not possibly recover against the party whose joinder is questioned. *See Kruso v. Int'l Tel. & Tel. Corp.,* 872 F.2d 1416, 1426 (9th Cir. 1989). In examining this question, all disputed questions of fact are resolved in the plaintiff's favor. *Id.* "If there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009).

Here, this court finds such possibility, especially in light of Nevada's less stringent "notice pleading" regime. *Hay v. Hay*, 678 P.2d 672, 674 (Nev. 1984) ("Nevada . . . courts liberally construe pleadings to place into issue matters which are fairly noticed to the adverse party."). Plaintiff brought the original suit to establish the debt owed by Eric and Elmina Christensen to Christensen Law. (ECF No. 1). Plaintiff appropriately describes how "[t]he purpose of the third-party complaint is to recover all damages flowing from the failures independently, dependently and in concert, to discharge the duties to the Christensens by both GEICO," Winner & Sherrod, LTD, f/k/a Atkin Winner & Sherrod, LTD., and Bruce W. Kelley. (ECF No. 38). The purported settlement agreement does not indicate that the non-diverse parties are no longer a part of this matter.

Having weighed the "rights of the parties" and finding no "objective . . . [of] forum manipulation," this court also declines to sever GEICO from the non-diverse parties. *Greene v. Wyeth*, 344 F.Supp.2d 674 (D. Nev. 2004); (ECF No. 7).

Although this court finds removal improper, this court declines to grant any requests for sanctions. (ECF No. 33). Given this matter's procedural posture, GEICO plausibly argued to stay in federal court despite this court's ultimate finding against complete diversity. The remaining motions before this court are denied as moot.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion to remand (ECF No. 8) be, and the same hereby is, GRANTED.

**James C. Mahan**
**U.S. District Judge**

IT IS FURTHER ORDERED that plaintiff's motion for attorney fees (ECF No. 33) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that all remaining pending motions (ECF Nos. 5, 7, 10) be, and the same hereby are, DENIED without prejudice to the parties' ability to refile them in state court.

IT IS FURTHER ORDERED that the clerk shall REMAND this case back to the Eighth Judicial District Court for Clark County, Nevada, and CLOSE this case.

DATED April 28, 2021.

_____
UNITED STATES DISTRICT JUDGE